Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000595
19-DEC-2017
08:15 AM

NO. CAAP-15-0000595

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAMES FERREIRA, Plaintiff-Appellant, v.
MAUI MEMORIAL MEDICAL CENTER, a division of HAWAII
HEALTH SYSTEMS CORPORATION; MAUI MEDICAL GROUP, INC.,
Defendants-Appellees, and JOHN DOES 1-50; JANE DOES 1-50;
ROE CORPORATIONS 1-50; ROE PARTNERSHIPS 1-50;
DOE GOVERNMENTAL AGENCIES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0912(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant James W. Ferreira (**Ferreira**)

appeals from the Final Judgment entered on July 23, 2015, in the

Circuit Court of the Second Circuit (**Circuit Court**).[1]

On appeal, Ferreira raises three points of error and

contends that the Circuit Court erred when it: (1) granted

summary judgment on Ferreira's negligence claims, which were

stated in Counts I through IV of the First Amended Complaint

against Defendant-Appellee Maui Memorial Medical Center, a

division of Hawai'i Health Systems Corporation (**MMMC**), on the

---

[1] The Honorable Peter T. Cahill presided.

grounds that the doctrine of *res ipsa loquitur* does not apply to this case; (2) concluded that no genuine issue of material fact exists due to a lack of evidence; and (3) declined to enter findings of fact and conclusions of law.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ferreira's points of error as follows:

(1) We first address Ferreira's contention that the Circuit Court erroneously concluded that no genuine issue of material fact exists in this case due to a lack of evidence, as Ferreira's *res ipsa loquitur* claim was made in response to MMMC's argument that it was entitled to summary judgment. The Hawaiʻi Supreme Court has held:

> [A] summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial. Where the movant attempts to meet his or her burden through the latter means, he or she must show not only that the non-movant has not placed proof in the record, but also that the movant will be unable to offer proof at trial.

Ralston v. Yim, 129 Hawaiʻi 46, 60-61, 292 P.3d 1276, 1290-91 (2013) (citations and emphasis omitted).

In summary judgment proceedings, "only when the moving party satisfies its initial burden of production does the burden shift to the nonmoving party to . . . demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Id. at 56-57, 292 P.3d at 1286-87 (citation omitted).

A review of the record on appeal shows that MMMC met its burden of production. MMMC showed that the deadline for expert reports had passed and that Ferreira lacked an expert opinion as to a medical standard of care. See Ralston, 129 Hawai'i at 57, 292 P.3d at 1287. MMMC also submitted medical records, provided declarations and reports by its experts (including Dr. John Bellati's report stating to a reasonable degree of medical probability that there was no breach in the standard of care provided to Ferreira by MMMC and its healthcare providers), and pointed to the lack of evidence of negligence as alleged in the First Amended Complaint. As MMMC met its burden of production, the burden shifted to Ferreira to present a genuine issue of material fact for determination at trial. See id. at 56-57, 292 P.3d at 1286-87.

Here, Ferreira did not meet his burden. Ferreira submitted no evidence, such as hospital records, affidavits or declarations of witnesses, deposition transcripts, or expert testimony to contradict the evidence presented by MMMC and raise a genuine issue of material fact. As discussed below, we reject the application of *res ipsa loquitur* to the negligence claims in this case. Although Ferreira appears to argue on appeal that issues of fact might be found in the evidence that MMMC submitted, he does not point to any particular evidence in the record that raises a genuine issue of material fact and we find none.

(2) The supreme court has also held:

*Res ipsa loquitur* permits an inference of negligence when the thing that produced a person's injury is under the

control and management of the defendant, and the injury could not have occurred in the ordinary course of events but for the defendant's failure to exercise due care. Where an accident could have occurred in the normal course without negligence, or where two equally plausible inferences can be drawn as to whether the accident was caused by negligence, the doctrine is not applicable. To invoke the doctrine of *res ipsa loquitur*, the plaintiff must present substantial evidence that (1) the injury was of the kind that ordinarily does not occur in the absence of negligence, (2) the injury was caused by an agency or instrumentality in the exclusive control of the defendant, and (3) the injury was not due to any voluntary action or contribution by the plaintiff.

Winfrey v. GGP Ala Moana LLC, 130 Hawai'i 262, 272-73, 308 P.3d 891, 901-02 (2013) (citations omitted); see also Carlos v. MTL, Inc., 77 Hawai'i 269, 277-78, 883 P.2d 691, 699-700 (App. 1994).

Here, in Count I, Ferreira alleged, *inter alia*, that in light of Ferreira's condition at the time of his fall, MMMC failed to exercise reasonable and ordinary care for Ferreira's safety when MMMC staff left him in a wheelchair unattended. However, Ferreira did not present evidence that falling over in a wheelchair does not ordinarily occur in the absence of negligence. Nor did Ferreira present evidence that MMMC was in exclusive control of the circumstances contributing to the fall, or that he did not contribute to the fall. In addition, Ferreira failed to submit any evidence concerning the accident, such as medical records, a declaration from Ferreira or another witness with personal knowledge of the event, or expert testimony. Thus, Ferreira did not meet his burden as to any of the elements for invoking *res ipsa loquitur*. Ferreira points generally to the medical records submitted by MMMC, but these records do not include evidence establishing the applicability of *res ipsa loquitur* to Count I.

In Count II, Ferreira alleged, *inter alia*, that as a result of MMMC's failure to exercise reasonable and ordinary care in the diagnosis and treatment of Ferreira's left shoulder injury, his shoulder could not be successfully treated or repaired. In Count III, Ferreira alleged, *inter alia*, that medication negligently prescribed during his hospitalization caused his condition to deteriorate and caused him to become angry, aggressive, and violent towards himself and family members. In Count IV, Ferreira alleged, *inter alia*, that upon his return to MMMC by ambulance due to significant personality changes and behavioral abnormalities, the MMMC emergency room doctor negligently attempted to send Ferreira home without using standard and appropriate tests to determine whether he had experienced another stroke, which allegedly could have resulted in personality disorders.

"It is well settled that in medical malpractice actions, the question of negligence must be decided by reference to relevant medical standards of care for which the plaintiff carries the burden of proving through expert medical testimony." Craft v. Peebles, 78 Hawai'i 287, 298, 893 P.2d 138, 149 (1995) (citing Nishi v. Hartwell, 52 Haw. 188, 195, 473 P.2d 116, 121 (1970)). Count II through IV are medical malpractice claims requiring evidence of the applicable medical standards of care. We conclude that the doctrine of *res ipsa loquitur* does not apply to the negligence claims stated in Counts II through IV of Ferreira's First Amended Complaint.

For these reasons, we conclude that the Circuit Court did not err in granting summary judgment in favor of MMMC on Ferreira's negligence claims.[2]

(3)   As MMMC contends, under Hawai'i Rules of Civil Procedure Rule 52(a), no findings of fact or conclusions of law are necessary for decisions on motions for summary judgment. Therefore, we conclude that the contentions raised in Ferreira's third point of error are without merit.

Accordingly, the Circuit Court's July 23, 2015 Final Judgment is affirmed.

DATED: Honolulu, Hawai'i, December 19, 2017.

On the briefs:

Burton D. Gould,
for Plaintiff-Appellant.

Roy A. Vitousek III,
Kristin S. Shigemura,
Brandon M. Kimura,
(Cades Schutte)
for Defendant-Appellee
MAUI MEMORIAL MEDICAL CENTER

Chief Judge

Associate Judge

Associate Judge

---

[2]     Therefore, we need not reach other issues raised by the parties regarding the entry of summary judgment.